# United States District Court for the District of Columbia

Sai[1]
*pro se*
500 Westover Dr. #54514
Sanford, NC 27330
legal@s.ai
+1 510 394 4724

FIAT FIENDUM, INC.[2] (FF)
a Delaware 501(c)(3) corporation
500 Westover Dr. #12269
Sanford, NC 27330
sai@fiatfiendum.org
+1 747 334 2834

*Plaintiffs*[3]

v.

Case: 1:20–cv–01314
Assigned To : Unassigned
Assign. Date : 5/16/2020
Description: TRO/PI (D–DECK)

FEDERAL COMMUNICATIONS COMMISSION (FCC)
445 12th Street SW
Washington, DC 20554
+1 202 418 1700
Thomas.Johnson@fcc.gov
Jacob.Lewis@fcc.gov[4]

Civil Action No.:            -RDM[7]

FCC CHAIR[5]
Ajit.Pai@fcc.gov

FCC SECRETARY[6]
*id.*, Room TW-A325
Marlene.Dortch@fcc.gov

*Defendants*

---

[1] "Sai" is their full legal name; they are mononymic. Sai is agender, and asks to be referred to using gender-neutral language. Sai is a U.S. citizen residing in London, U.K.
[2] Sai is President of FF and has plenary authorization to act on its behalf. Sai is not a lawyer, and therefore cannot appear for FF in this case.
[3] Plaintiffs stipulate consent to, and request, service of all process by email as listed above, and/or by CM/ECF to Sai's account.
[4] Thomas M. Johnson, Jr. is FCC's general counsel. Jacob M. Lewis is associate GC and chief of the litigation division.
[5] Currently Ajit Pai. Official capacity defendants are named by title, FRCP 17(d).
[6] Currently Marlene H. Dortch.
[7] Assignment to Judge Moss is mandatory. L. Civ. R. 40.5(a)(3), sentence 2. Related case: *Sai v. TSA*, No. 14-cv-403.



RECEIVED
MAY 16 2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## Complaint and emergency motion for PI/TRO and summary judgment

**Affidavit**

1. In the interest of concision, Sai hereby swears, under penalty of perjury, 28 USC § 1746, that all factual statements below are true to the best of their knowledge, and incorporates them as sworn testimony on the record for this pleading and motion.

**Emergency action**

2. The petition for rulemaking at issue deals directly with public health under the ongoing COVID-19 pandemic, namely the "broadcast of … information [that] will cause substantial public harm". 47 CFR § 73.1217.

3. Delay exacerbates the broadcast of information that would cause substantial public harm, such as the death of thousands of people and severe harm (e.g. pneumonia) to many more.

4. Relief is therefore sought on an emergency basis.

5. Because Plaintiffs are entitled to relief as a matter of law, and there are no facts that could be reasonably in genuine dispute, and the issue concerns a genuine public health emergency which requires procedural expedition, the complaint is combined with a motion for preliminary injunction, temporary restraining order, and full summary judgment.

6. Plaintiffs request a dispositive hearing by video conference (or audio conference if not possible), and complete decision on the merits, as soon as possible.

7. Plaintiffs expect that the first and only ruling in this case will be a complete disposition on the merits, on an emergency schedule.

**Background**

*Public health emergency*

8. The United States is currently experiencing a pandemic of the disease COVID-19, caused by the virus SARS-CoV-2.

9. Public communications regarding this pandemic affect the lives of millions of people, and can cause or avert the deaths of thousands of people. This is an ongoing "catastrophe". 47 CFR § 73.1217.

10. It is "foreseeable" that the "broadcast" of "false information" regarding COVID-19 "will cause substantial public harm", 47 CFR § 73.1217(b).

11. The above statements have extremely widespread and fully public foundation, such as:

    a. extremely voluminous news coverage;

    b. declarations of emergency or similar proclamations, and thorough details, by

        i. this court and all (or nearly all) other Federal courts;

        ii. the World Health Organization (WHO);

        iii. the Centers for Disease Control and Prevention (CDC);

        iv. Dr. Anthony Fauci, director of the National Institute of Allergy and Infectious Diseases (NIAID);

        v. the Federal Emergency Management Agency (FEMA);

        vi. all (or nearly all) governors of each of the United States; and

        vii. the President; and

    c. extremely widespread warning, debunking, and counter-messaging regarding false

information that would cause substantial public harm[8] — which has been called an "infodemic" by the WHO.[9]

12. Plaintiffs have no knowledge about COVID-19 apart from the public record, and nothing to contribute thereto.

13. Therefore, Plaintiffs move that this Court take judicial notice of the publicly available information regarding COVID-19, misinformation about it, and the danger thereof.

*Rulemaking petition*

14. On March 31, Sai, acting both personally and as President of Fiat Fiendum (FF), filed by email a petition for emergency rulemaking to the FCC regarding COVID-19 and 47 CFR § 73.1217, *Ex. 1*.

15. This was followed up by email on April 11; and then again by phone to FCC's general counsel (which went to voicemail) on April 23 and memorialization email. FCC has not responded. *Id.*

16. In the interim, FCC has held multiple general meetings, and initiated multiple other rulemakings that were filed later than March 31 — but not acted on Plaintiffs'.[10]

---

[8] E.g. https://www.who.int/emergencies/diseases/novel-coronavirus-2019/advice-for-public/myth-busters
https://www.fema.gov/coronavirus/rumor-control
https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/coronavirus-disease-2019-covid-19-frequently-asked-questions#5ebf5198a99f1
https://www.cdc.gov/coronavirus/2019-ncov/faq.html#anchor_1584388242595#accordion-5ebf37a03d815-card-6
https://www.who.int/news-room/feature-stories/detail/countering-misinformation-about-covid-19
https://www.bbc.co.uk/news/av/stories-52118949/coronavirus-how-can-you-stop-the-spread-of-misinformation
BBC News, *Coronavirus: Tips to stop the spread of misinformation* https://www.youtube.com/watch?v=mYs0H7Fiqbw
https://www.vox.com/recode/2020/1/31/21115589/coronavirus-wuhan-china-myths-hoaxes-facebook-social-media-tiktok-twitter-wechat
https://www.poynter.org/ifcn-covid-19-misinformation/
https://www.theguardian.com/commentisfree/2020/mar/30/fake-news-coronavirus-false-information
https://newslit.org/coronavirus/
https://www.newsweek.com/coronavirus-fake-news-fact-checking-covid-19-pandemic-hoaxes-misinformation-1491906
https://edition.cnn.com/2020/03/04/health/debunking-coronavirus-myths-trnd/index.html
https://en.wikipedia.org/wiki/Misinformation_related_to_the_COVID-19_pandemic#Medical_misinformation
[9] https://www.who.int/docs/default-source/coronaviruse/situation-reports/20200202-sitrep-13-ncov-v3.pdf
[10] INBOX-1.401 https://www.fcc.gov/ecfs/filing/10504156640992 (rec'd May 4, 2020, posted May 5, 2020)
INBOX-1.401 https://www.fcc.gov/ecfs/filing/10430247220467 (rec'd & posted Apr 30, 2020)

**Parties**

*Plaintiffs*

17. Sai is a United States citizen with multiple disabilities, including reduced mobility, which is recognized by the CDC[11] as a factor of increased risk for COVID-19.

18. Fiat Fiendum, Inc. (FF) is a Delaware-based 501(c)(3) tax-exempt corporation devoted to promotion of direct and liquid democracy, enabling better voter empowerment, public interest journalism, government transparency and accountability, individuals' civil rights, public interest litigation, civil rights education, and related issues.

19. FF is a non-profit organization. It has no shares, owners, parents, or subsidiaries.

20. Sai is the President of FF, and has plenary authority to act on its behalf, including as to the representations in, and settlement of, this case. However, Sai is not a lawyer, and therefore prohibited from appearing on behalf of FF.

21. FF is unable to file an appearance at this point because it cannot afford a lawyer and is prohibited from appearing *pro se*. It opposes its dismissal from the case. If its status or appearance becomes relevant, it requests the opportunity to move for IFP status and appointment of *pro bono* counsel.

*Defendants*

22. The Federal Communications Commission (FCC) is the agency responsible for regulating the content of US broadcast communications.

23. The FCC Chair (Ajit Pai), in official capacity, is named because he is empowered to set FCC

---

CG RM-11854 https://www.fcc.gov/ecfs/filing/10313759820502 (rec'd & posted Mar 13, 2020)
[11] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-disabilities.html

agendas.

24. The FCC Secretary (Marlene Dortch), in official capacity, is named because she is the named official for petitions for rulemaking, 47 CFR § 1.401(b).

**Jurisdiction and venue**

25. This Court has subject matter jurisdiction over this case because it is a Federal question, 28 U.S.C. § 1331, as it arises under the Administrative Procedure Act, 5 USC § 552 *et seq*, and an FCC regulation, 47 CFR § 73.1217.

26. Venue is proper in this Court under the APA, 5 USC § 703, and because it is the FCC's principle place of business.

**Service of process**

27. FCC has repeatedly failed to respond, as above.

28. Plaintiffs are entitled to service by Marshal, FRCP (4)(c)(3).

29. Service by Marshal has been suspended unless otherwise ordered, D. D.C. COVID-19 Standing Order 20-18 (March 31, 2020).

30. An emergency PI/TRO, in the absence of response from the agency by email, when all other methods of service are disrupted due to COVID-19, merits exemption.

31. Plaintiffs therefore request service by marshal unless Defendants waive service, e.g. by acknowledging service by email.

**Law**

*Prohibition on broadcast of misinformation that would cause substantial public harm*

32. The FCC passed 47 CFR § 73.1217 in order to prohibit the "broadcast [of] false information concerning a … catastrophe" if "it is foreseeable that broadcast of the information will cause substantial public harm", where the broadcaster "knows this information is false" and broadcast of such information "does in fact directly cause substantial public harm".

33. The COVID-19 pandemic is an ongoing "catastrophe" within the meaning of § 73.1217.

34. Misinformation regarding COVID-19 foreseeably causes thousands of avoidable deaths or serious injuries, and has in fact done so. This is "substantial public harm" within the meaning of § 73.1217.

*Rulemaking*

35. Because this rule already exists, the FCC has discretion to conduct rulemaking under three options:
    a. notice & comment rulemaking, 5 USC 553, 47 CFR 1.399 *et seq,*
    b. non-notice interpretive rulemaking, *id.*, 47 CFR § 1.407, sentence 2
    c. declaratory order, 5 USC 554(e), 47 CFR 1.2 & 201 *et seq,*

36. Notice and comment is not required in this case, because it can be resolved by an interpretative rule. 47 CFR § 1.412(b)(3).

37. The situation justifies emergency rulemaking without prior notice. 47 CFR § 1.412(c).

38. Plaintiffs nevertheless stipulate that the FCC has the discretion to determine which of the

three above options to take.[12]

39. There are three permissible outcomes, 47 CFR § 1.407:

   a. begin notice and comment rulemaking by issuing a notice of proposed rulemaking (NPRM),

   b. determine that notice and comment are not required, and issue a final order, such as an interpretive rule, or

   c. deny the petition, and notify Plaintiffs of the grounds therefor.

40. Plaintiffs do *not* request that this Court determine, or compel, which outcome the agency should take — only that it must promptly do one of those three. The decision of *what* to do is a question for the agency on remand; the decision of *whether* to do it is not.

41. Plaintiffs submitted a proper petition for rulemaking under 47 CFR § 1.401.

42. The FCC is required to "promptly" file a public notice thereof. 47 CFR § 1.403.

43. The FCC Chair has a duty to Plaintiffs to commence rulemaking, and the FCC Secretary has a duty to Plaintiffs to assign a file number and issue notice thereof. They have failed to perform these duties, and can be compelled to do so. 28 USC § 1361.

44. Considering the duty to "promptly" file a notice and initiate a rulemaking, and the agency's having done such action for multiple others in the interim, its failure to do so for a month and a half constitutes action "unlawfully withheld". 5 USC § 706(1).

45. Considering the public health emergency context, failure to act in any way for a month and a half constitutes "unreasonable delay". 5 USC § 706(1).

---

[12] Plaintiffs expressly decline informal action under 47 CFR 1.41.

**Claims**

46. *Rulemaking*

Declaratory Judgment Act, 28 USC § 2201, Administrative Procedure Act, 5 USC § 552 *et seq*, & 706 and Mandamus and Venue Act, 28 USC § 1361

    a. Plaintiffs merit declaratory relief that the FCC, as a matter of law:

        i. unreasonably delayed action on an emergency rulemaking,

        ii. unlawfully withheld the issuance of a file number and notice of availability.

    b. Plaintiffs are entitled[13] to an order to compel such action, 5 USC 706(1), and in particular, request that the Court:

        i. compel and remand to the FCC to publish and conduct rulemaking;

        ii. compel the FCC to, within 14 days of the judgment, take one of the actions specified in 47 CFR § 1.407[14];

        iii. order the FCC to file notice with this Court of the outcome of (ii); and

        iv. retain jurisdiction for 4 weeks to enforce its order if necessary.

    c. Plaintiffs merit a writ of mandamus to the FCC officials who failed in their duties to Plaintiffs, 28 USC § 1361, namely that:

        i. the FCC Chair put this rulemaking on the next FCC meeting agenda, and

        ii. the FCC Secretary to assign a file number and publish a notice of availability, per 47 CFR § 1.403.

47. *Interpretation of "catastrophe" and "substantial public harm"*

Declaratory Judgment Act and Administrative Procedure Act, *id.*

---

[13] § 706(1), "shall"
[14] Plaintiffs do not request that this Court determine, or compel, which action the agency must take.

    a. Plaintiffs further request declaratory relief that, within the meaning of 47 CFR § 73.1217,

        i. COVID-19 is a "catastrophe"; and

        ii. at least some misinformation about COVID-19 will foreseeably cause "substantial public harm".

    b. Interpretation of regulations is ordinarily an issue for agency action in the first instance. However, the agency has failed to act when asked to do so.

    c. The emergency nature of this proceeding is premised on the nature of COVID-19 as a public health emergency in which misinformation is likely to cause substantial public harm.

    d. Therefore, it is within this Court's discretionary authority to grant declaratory relief as to these additional facts.

48. *Costs & fees*

Equal Access to Justice Act, 28 USC § 1242

    a. The FCC's abject failure to act on a matter of clear public urgency and cannot be "substantially justified", § 1242(d).

    b. Plaintiffs are thus entitled to attorneys' fees and costs, to include the $400 filing fee.

**Prayer for Relief**

49. Therefore, Plaintiffs pray that this Court grant judgment against Defendants as follows:

    a. declare that FCC failed to timely act on an emergency rulemaking, 28 USC § 2201;

    b. compel FCC to publish and conduct rulemaking within 2 weeks after judgment is issued, with jurisdiction retained for 4 weeks to enforce if necessary, 5 USC 706(1);

    c. issue a writ of mandamus to the FCC Chair to put this rulemaking on the next agency meeting agenda, 28 USC § 1361;

    d. issue a writ of mandamus to the FCC Secretary to publish this rulemaking, 28 USC § 1361;

    e. declare that COVID-19 is a "catastrophe" within the meaning of 47 CFR § 73.1217;

    f. declare that at least some misinformation about COVID-19 will foreseeably cause "substantial public harm", *id.*;

    g. remand the matter to the FCC for immediate action, and retain jurisdiction for one month (extendable upon further order) to enforce the relief above;

    h. grant attorneys' fees and costs, 28 USC § 2412; and

    i. grant such other relief as the Court deems proper.

**Motion for PI/TRO & summary judgment**

50. There are no disputable material facts, and plaintiffs are entitled to relief as a matter of law.

51. The FCC will require additional time on remand to act. This matter concerns an ongoing public health emergency. Prompt disposition is of paramount importance and public concern.

52. Therefore, Plaintiffs immediately move for preliminary injunction, temporary restraining order, and summary judgment, i.e. immediate and complete disposition on the pleadings and a hearing.

    Respectfully submitted,

    /s/ Sai
    *plaintiff pro se,* and as non-attorney representative of Fiat Fiendum
    500 Westover Dr. #54514
    Sanford, NC 27330
    legal@s.ai / sai@fiatfiendum.org
    +1 510 394 4724